IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ PINKSTON                                                                                         PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:20-cv-167-KS-MTP

PAMELA ROBINSON and JARITA BIVENS                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [83] filed by Defendants Pamela Robinson and Jarita Bivens. Having considered the Motion, the record, and the applicable law, the undersigned recommends that the Motion be granted and that this action be dismissed with prejudice.

## BACKGROUND

On August 13, 2020, Plaintiff Chaz Pinkston, proceeding *pro se* and *in forma pauperis*, file his Complaint [1] pursuant to 42 U.S.C. § 1983. On March 11, 2022, the Court conducted a *Spears* hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions. The claims remaining in this action arise from events which allegedly occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility. In his Complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff alleges that he was housed in long-term segregation due to his custody level, but he met the criteria for a custody classification upgrade which would allow him to be placed in medium custody. Plaintiff alleges that Defendants Robinson and Bivens placed other inmates in medium

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

1

custody, but refused to place him in medium custody. Plaintiff alleges that Defendants were biased against him. As relief, Plaintiff seeks monetary damages. *See* Order [69].

On July 15, 2022, Defendants filed their Motion for Summary Judgment [83]. Plaintiff did not file a response to the Motion [83], and the time for doing so has expired.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated

assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

To the extent Plaintiff is asserting claims under the Due Process Clause, his claims fail. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. Appx. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statues which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). An inmate does not have a protectable liberty interest in

his custodial classification. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Thus, any due process claims should be dismissed.

Additionally, to the extent Plaintiff is asserting claims under the Equal Protection Clause, his claims fail. "The Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). To prove a claim for violation of the Equal Protection Clause, a plaintiff "must demonstrate that prison officials acted with a discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). This requires a showing that the defendant acted "at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Id*. A plaintiff may also make a "class-of-one" claim, which requires a plaintiff to show that he was intentionally treated differently from other similarly situated individuals with no rational basis for the difference in treatment. *Lindquist v. City of Pasadena, TX*, 669 F.3d 225, 233 (5th Cir. 2012).

Plaintiff does not allege to be a member of a specific group or that either Defendant singled out a particular group for disparate treatment. Thus, it appears that Plaintiff is asserting a class-of-one claim. Many courts have concluded that a class-of-one claim is not viable when based on individualized assessments of inmates because of the individualized and discretionary nature of the prison setting. *See Striz v. Collier*, 2020 WL 7868102, at *13 (S.D. Tex. Nov. 24, 2020) (collecting cases). Moreover, even if such a claim were viable, Plaintiff has failed to establish that he has been intentionally treated differently from another similarly situated individual.

Plaintiff simply alleges that Defendants refused to place him in medium custody, but placed other inmates in medium custody. Plaintiff has failed to identify any of the "other inmates" or demonstrate that any of them are similarly situated to Plaintiff, such as having

4

similar criminal records and jail disciplinary records. *See Bonner v. Alford*, 594 Fed. Appx. 266, 267 (5th Cir. 2015) (holding that plaintiff "failed to state a 'class of one' equal protection claim because his allegations did not identify any similarly situated prisoners, nor did his allegations show that he was intentionally treated differently from any other prisoners absent a rational basis."). Plaintiff has failed to raise a genuine issue of fact as to whether he was intentionally, and without rational basis, treated differently from other similarly situated inmates. Accordingly, Defendants are entitled to summary judgment.[2]

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [83] be GRANTED.

2. Plaintiff's claims be DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the

---

[2] Although Defendants raised the defense of sovereign immunity and qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Well v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because Plaintiff has failed to establish cognizable constitutional claims, the Court need not address the issue of whether Defendants are entitled to immunity. Defendants also argued that Plaintiff failed to exhaust his administrative remedies, but the undersigned did not address the issue of exhaustion because Plaintiff's claims should be dismissed based on their merits.

Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      This the 20th day of September, 2022.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge