IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHAZ PINKSTON                                                                                    PLAIINTIFF

VS.                                                              CIVIL ACTION NO. 5:20-cv-167-KS-MTP

PAMELA ROBINSON and JARITA BIVENS                                          DEFENDANTS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING COMPLAINT WITH PREJUDICE, ETC.

This cause is before the Court on Complaint [1] filed by Chaz Pinkston against Pamela Robinson and Jarita Bivens seeking monetary damages, a Motion for Summary Judgment [83] filed by Bivens and Robinson, a Report and Recommendation [86] entered by Magistrate Judge Michael T. Parker, and Objection [89] to Report and Recommendation filed by Chaz Pinkston. The Court has considered the above documents, the applicable law, and the record herein and does hereby find as follows:

I. PROCEDURAL HISTORY

On August 13, 2020, Plaintiff Chaz Pinkston, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. On March 11, 2022, the Court conducted a *Spears* hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions. The claims remaining in this action arise from events which allegedly occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility. In

his Complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff alleges that he was housed in long-term segregation due to his custody level, but he met the criteria for a custody classification upgrade which would allow him to be placed in medium custody.  Plaintiff alleges that Defendants Robinson and Bivens placed other inmates in medium custody, but refused to place him in medium custody.  Plaintiff alleges that Defendants were biased against him.  As relief, Plaintiff seeks monetary damages.  *See* Order [69].

On July 15, 2022, Defendants filed their Motion for Summary Judgment [83].  Plaintiff did not file a response to the Motion [83], and the time for doing so has expired.

## II.  STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case."  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial."  *Id.*  "An issue is material if its resolution could affect the outcome of the action."  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Complaint [1] Plaintiff alleges that his First, Fourth, Eighth, and Fourteenth Amendments to the Constitution were violated. In his Report and Recommendation Judge Parker winnows down the allegations of Plaintiff to violation of due process and equal protection. Basic to a violation of due process is an opportunity to be heard at a meaningful time and in a meaningful manner. In order to establish a violation of due process the Plaintiff must prove that

he was deprived of a liberty or property interest protected by the due process clause and, if so whether or not he was deprived without constitutionally adequate process. The Report and Recommendation finds that protected liberty interests are "generally limited to State-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765,767 (5th Cir. 1997) Doc. 86, P.3. The Report and Recommendation continues, " a prisoner's liberty interest protected by the due process clause is generally limited to freedom from restraint which … imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). An inmate does not have a protectable liberty interest in his custodial classification. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Plaintiff has not established due process claims and his Objections do not address a violation of his due process rights. Therefore, the Objection is overruled as to any due process claims by Plaintiff.

The second claim by Plaintiff is a violation of the Equal Protection Clause which directs that, persons similarly situated should be treated alike. *Willaims v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Plaintiff must also establish that the prison officials acted with discriminatory purpose. i.e., that he was intentionally treated differently than other similarly situated individuals with no rational basis for the difference in treatment. *Lindquist v. City of Pasadena*, *TX*, 669 F.3d 225, 233 (5th Cir. 2012). Plaintiff apparently is trying to establish a "class of one claim" and Plaintiff has failed to establish that he has been intentionally treated differently from other similarly situated individuals.

While Plaintiff's Objections [95] list a lot of case law, none of them address the issues of due process or the claims of due process and equal protection. While the citations may be valid

law, they are not relevant to the issues that this Court is addressing, and the Court finds that the Objections should be OVERRULED.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Pinkston's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Chaz Pinkston's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___13th____ day of January, 2023.

_____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE